UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80618-CIV-HURLEY

**VICTORIA MAGALDI,**
      **plaintiff,**

vs

**SAFECO INSURANCE COMPANY OF AMERICA,**
      **defendant.**
_____/

**ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**

This is a dispute over the amount of insurance coverage available for residential property damage sustained in consequence of Hurricanes Frances, Jeanne, and Wilma. The case is currently before the court on the parties' cross motions for summary judgment. [DE# 27, 39]

**Facts & Procedural Background**

Victoria Magaldi (Migaldi) insured her residence at 1300 Peninsular Road, Jupiter, Florida under a homeowner policy issued by Safeco Insurance Company (Safeco). The policy carried $451,000 limits for "building" coverage (Coverage A) and $45,100 limits for "other structure" coverage (Coverage B). Hurricane and/or windstorm damages, and ensuing damages, are covered perils under the policy.

Magaldi's property sustained windstorm damage as a consequence of Hurricanes Frances, Jeanne and Wilma. After the last hurricane, the Town of Jupiter declared the building "unsafe" and directed the plaintiff to abate it "through repair or demolition." [DE# 27]. The Town of Jupiter further directed that "[t]he repairs shall comply with . . . the 2004 Existing Building Code." For

reasons that are not well illuminated in the existing record, Magaldi opted for demolition.[1]

Magaldi filed claim under the Safeco policy for property damage suffered as a result of Hurricanes Frances (9-5-04 loss), Jeanne (9-25-04 loss) and Wilma (10-25-05 loss) and Safeco accepted coverage for all three claims. However, a dispute arose over the amount of loss, and pursuant to the policy terms, Safeco demanded an appraisal to determine the issue. With appraisal proceedings pending, Magaldi filed this declaratory judgment action in November 2007. The suit was abated pending resolution of the appraisal proceedings.

On December 13, 2007, the appraisal panel ultimately entered its award, fixing the aggregate amount of loss for all three storms at $153,355.93. Safeco has since paid the appraisal award in full pursuant to the loss payment provision of the policy, which provides:

> **Loss payment**. We will adjust all losses with you. We will pay you unless some other person is named in the policy to receive payment. Loss will be payable thirty days after:
> a. we reached agreement with you;
> b. there is an entry of final judgment;
> c. there is a filing of an appraisal award with us.

By this payment, Safeco contends that it has satisfied its obligation to indemnify plaintiff for the subject loss and now requests entry of final summary judgment in its favor to this effect. Essentially, it argues that the appraisal award is binding on plaintiff as a matter of contract, and that, pursuant to the policy terms, its liability is appropriately limited to the $ 153,355.93 loss figure

---

[1] Plaintiff's summary judgment evidentiary submissions include an unauthenticated letter from Luis A. Lopez, P.E., dated October 24, 2004 which presumably influenced her decision to opt for demolition. The Lopez letter summarizes the inspector's physical findings upon inspection as follows: "...I found structural damage, which although could be fixed it is not feasible due to the high cost involved to attain 100% restoration.... It is my professional opinion that this house needs to be replaced, taking into consideration to bring back the structural integrity and to comply with the 2001 Florida building code would be cost prohibitive and will never be the same."

fixed by the appraisers.

Migaldi disputes this result, contending that the Town of Jupiter's condemnation of her property rendered it a "constructive total loss" which entitles her to recovery of the full policy limits under Florida's Valued Policy Law. *Florida Farm Bureau Cas. Ins. Co. v. Cox,* 967 So.2d 815 (Fla. 2007). She argues that she is not bound by the lesser value based on estimated costs of repair determined by the appraisers on theory that the extent of defendant's obligation under Florida's Valued Policy is a pure coverage question properly reserved to the court.

## Discussion

As a general rule, where rebuilding or repair is prohibited by ordinance or other public regulation, a building is considered a "constructive total loss," and the insurer is liable for the building's entire value under application of the governing "valued policy law" which conclusively fixes the building's value. [2] *Greer vs. Owners Insurance Co.,* 434 F. Supp. 2d 1267 (N.D. Fla. 2006)("constructive total loss" occurs when building, although still standing, is damaged to the extent that ordinances or regulations in effect at the time of damage actually prohibit or prevent the buildings' repair, such that building must be demolished); *Feinbloom v Camden Fire Ins. Ass'n,* 54

---

[2]The Florida Valued Policy Law §627.702, Fla. Stat. (2007), provides in pertinent part:

(1)(a) In the event of the total loss of any building structure ... located in this state and insured by any insurer as to a covered peril, in the absence of any change increasing the risk without the insurer's consent and in the absence of fraudulent or criminal fault on the part of the insured or one acting in her or his behalf, the insurer's liability under the policy for such total loss, if caused by a covered peril, shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid.

*See generally Florida Farm Bureau Cas. Ins. Co v Cox*, 967 So.2d 815 (Fla. 2007)( an insurer cannot challenge the value of property after a loss has occurred under Florida VPL).

N.J. Super. 541, 149 A.2d 616 (N.J. Super. A.D. 1959), citing 6 Appleman, Insurance Law and Practice 3822, p. 166; 7 Couch on Insurance, 1772, p. 6029. Moreover, where a total loss is shown, actual or constructive, appraisal provisions are overridden by the terms of a valued policy statute, *Fidelity and Guaranty Ins. Corp. v Mondzelewski,* 49 Del. 395, 117 A.2d 369 (Del. Supr. 1955), citing 6 Appleman, Insurance Law and Practice, § 3949, at least in the absence of a policy provision explicitly excluding coverage for loss due to enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings or structures. C*f. Regency Baptist Temple v Ins. Co of North America,* 352 So.2d 1242 (Fla. 1st DCA 1977).

This follows because appraisal procedures provided for in the policy do not contemplate the submission to the appraisers of questions of law. *See Feinbloom , supra,* and cases cited *infra.* That is, appraisers are charged with the task of determining the cash value of damage caused by the covered peril (e.g. cost of repairs necessitated by the peril) – not the value of damage caused by operation of law (e.g. damage caused by demolition order from municipality).

In this case, Safeco urges that this ordinary sequence should not apply because in this particular instance, the appraisers were asked to consider and did determine the issue of "constructive total loss." It contends that this may be inferred from the inclusion in the award of a specific sum for building code upgrades ["$80,000.00 upgrade was assigned for Hurricane Jeanne]. By including this sum in their award, Safeco urges, the appraisers presumably considered and concluded that the property was repairable consistent with the "repair or demolish" mandate of the Town of Jupiter.

The court disagrees that this inference may reasonably be drawn from the Appraisal Award, which simply recites that it is based on consideration of "all the material facts and available

4

information pertaining to [the] claim," with caveat that it is made "without consideration of any other terms, conditions, provisions of the [subject] policy." There is nothing in the Award which indicates that the appraisers were asked to consider the issue of whether plaintiff had suffered a constructive total loss within the meaning of the policy and the valued policy law.

If the Town of Jupiter ordered the plaintiff to demolish the remaining structure pursuant to municipal ordinance, and the plaintiff did demolish her residence in order to comply with such an order, then a "constructive total loss" of the building within the meaning of the policy and valued policy statute is established. *See e.g. Stahlberg v Travelers Indemn. Co.*, 568 S.W.2d 79 (Mo. App. 1978)(existence of a demolition order it itself sufficient to support a finding of total loss). However, the only evidence upon this point in the current record is an unauthenticated letter from the Town of Jupiter directing Magaldi to "repair or demolition" the building. This seems to suggest that repair was an option, militating against the notion of a "total loss" by way of mandatory demolition, but there is no competent evidence conclusively resolving this issue in the existing record.

On this background, Safeco's satisfaction of the appraisal award does not necessarily satisfy its indemnity obligations under the policy as a matter of law. Conversely, because there is a disputed issue of fact on whether demolition was mandated by the Town of Jupiter acting under proper authority of law, Magaldi fails to establish the existence of a "constructive total loss," as a matter of law, leaving an open question on the applicability of the Florida Valued Policy Law. Consequently, neither party is entitled to entry of summary judgment.

## Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. The plaintiff's motion for summary judgment [DE#27] is **DENIED,** and the

defendant's cross-motion for summary judgment [DE# 39] is **DENIED**.

2. This cause shall accordingly proceed to trial on the issue of whether plaintiff sustained a "constructive total loss" of her property within the meaning of the policy and Florida Valued Policy Law. Because this issue hinges on the nature of the abatement mandate issued by the Town of Jupiter,[3] an issue which has not been fully developed in the current proceeding, the parties are given leave to file renewed motion(s) for summary judgment upon this limited issue, supported by appropriate evidentiary proofs as required under Rule 56, within **THIRTY (30) DAYS** from the date of entry of this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 29th day of August, 2008.

_____
Daniel T. K. Hurley
United States District Judge

cc. All counsel

---

[3] The issue is not whether it is economically unfeasible or impractical to repair the property, but rather, whether an ordinance or regulation in effect at the time of the damage to the home actually prohibits or prevents plaintiff from repairing the house, such that it must be demolished. *Greer v Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1280-82 (N.D. Fla. 2006)(plaintiffs' desire to improve the hurricane durability of their home does not render it a total loss within the meaning of Florida's Valued Policy Law; nor does "substantial damage" determination by building department – i.e. estimated cost of repairs exceeds 50% of market value of home – establish total constructive loss because it does not require demolition or prevent repair).