UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80618-Civ-Hurley/Hopkins

VICTORIA MAGALDI,

    Plaintiff,

vs.

SAFECO INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION AS TO DEFENDANT'S MOTION FOR AWARD OF COSTS AND ENTRY OF JUDGMENT (DE 80, 84)

**THIS CAUSE** has come before this Court upon an Order referring Defendant's Motion for an Award of Costs to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 81). This Court has before it Defendant's Motion for an Award of Costs, including a Bill of Costs (DE 80), Plaintiff's Response in Opposition (DE 82), and Defendant's Reply (DE 83). Also before the Court is Defendant's Motion for Entry of Judgment for the full costs it seeks based on Defendant's claim that Plaintiff's response to the Motion for Costs was untimely and should be stricken. (DE 84). Plaintiff responded to that motion as well (DE 85) and these matters are now ripe for review.

For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendant's Motion for Costs (DE 80) and **DENY** Defendant's Motion for Entry of Judgment on all of the costs it seeks. (DE 84).

## BACKGROUND

Plaintiff initiated this action after her home sustained damage from multiple hurricanes. According to the Complaint, Plaintiff and Defendant, her homeowner's insurance provider, agreed to engage in an appraisal proceeding, as set forth in the policy, to determine the amount of Plaintiff's loss. However, according to Plaintiff, Defendant refused to agree to an umpire of Plaintiff's choosing. Thus, in her initial Complaint, Plaintiff sought to have the Court appoint a neutral umpire to oversee the appraisal process. (DE 1). Defendant brought a counterclaim seeking the same remedy. (DE 4).

Two months later, Plaintiff filed an Amended Complaint, alleging that her home was a "total loss" as a result of the hurricane damage. (DE 20). In addition to the pleading's first count which again sought the appointment of an umpire, Plaintiff added a second count seeking a declaratory judgment that her home was a "constructive total loss" under Florida's Valued Policy Law. (DE 20).

On January 4, 2008, the Court entered an order dismissing Count One of Plaintiff's Amended Complaint with prejudice, finding the issue to be moot because the parties had since agreed upon an umpire. (DE 26). According to Defendant, an appraisal award was entered, which Defendant agreed to pay, and Plaintiff accepted the payment. (DE 83 at page 2). Thereafter, on February 9, 2009, the District Court granted Defendant's Motion for Summary Judgment on Count Two, finding that the damage to Plaintiff's home constituted a partial loss, rather than a total loss and that, therefore, Plaintiff was not entitled to anything beyond the appraisal award Defendant had already paid. (DE 79). The Court entered judgment against Plaintiff and in favor of Defendant on the sole remaining count and reserved jurisdiction to award

costs. (DE 78).

On March 6, 2009, Defendant filed the instant Motion for Costs, seeking $1,517.68 for filing fees, service of process, a deposition transcript and photocopies. Plaintiff filed its opposition on March 23, 2009, claiming that Defendant is not entitled to any costs because Plaintiff is actually the prevailing party since she succeeded against the insurer in the appraisal process.[1]

## DISCUSSION

### A. Prevailing Party

In diversity cases, federal law, not state law, controls whether there is an award of costs to the prevailing party. *See Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, *12 (S.D. Fla. April 14, 2009)(*citing Zunde v. Int'l Paper Co.*, 2000 WL 1763843, *1 (M.D. Fla. July 20, 2000). *See also Dillon v. Axxsys Intern., Inc.*, 2006 WL 3841809, *2, *9 (M.D. Fla. Dec. 19, 2006)(in a diversity action, court held that "[t]he determination of who qualifies as the prevailing party in federal court for the purpose of awarding costs is governed by federal law").

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Thus, there is a "strong presumption" that the prevailing party will be awarded costs. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)(*citing Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*,

---

[1] Given that Plaintiff filed her response papers within the time required under the Federal Rules, the Court finds no merit to Defendant's claim that the response is untimely and should be stricken. Accordingly, the Court recommends that Defendant's Motion for Entry of Judgment be denied. (DE 84).

249 F.3d 1293, 1296 (11th Cir. 2001)).  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001).  The Eleventh Circuit has stated that "[t]o be a prevailing party [a] party need not prevail on all issues to justify a full award of costs" and that "[c]ases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)(*citations omitted*).

Here, Plaintiff's Amended Complaint contained two causes of action.  The first was dismissed by the Court as moot and the second was decided in favor of Defendant.  Accordingly, the Court entered judgment in Defendant's favor.  Based on these facts, this Court finds that Defendant is the prevailing party entitled to recovery of its costs.  *See Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, *12 (S.D. Fla. April 14, 2009)(where plaintiff received a judgment in her favor, court found she was prevailing party entitled to costs); *Stein v. Paradigm Mirasol, LLC*, 2009 WL 32887, 82 (M.D. Fla. Jan. 6, 2009)(same).

Although Plaintiff contends that she is the prevailing party because she received additional sums from Defendant following the appraisal proceeding, the procedural history of the case does not support Plaintiff's position.  First, it was Defendant who initiated the appraisal process before any Court intervention was sought by Plaintiff.  *See* Defendant's February 25, 2005 Letter to Plaintiff (Defendant's Reply, Exhibit A)(DE 83).  Moreover, Plaintiff initiated this action solely to obtain a Court appointed umpire – the very same relief that Defendant sought via its counterclaim.  Therefore, even if the Court had not dismissed this cause of action as moot and Plaintiff had "prevailed" in obtaining a Court-appointed umpire, such would still not render her a

4

prevailing party because both parties sought the same relief.[2]

This case is distinguishable from *Goff v. State Farm Florida Ins. Co.*, 999 So.2d 684 (Fla. Dist. Ct. App. 2009), cited by Plaintiff in her response papers. In *Goff*, the insurer agreed to an appraisal only after the plaintiffs filed suit. The court found that the plaintiffs were entitled to reimbursement of their costs under those circumstances because the insurer's refusal to submit to an appraisal, which ultimately resulted in the payment of "significant additional amounts," necessitated the lawsuit. *Id.* at 688. Here, by contrast, Plaintiff's lawsuit was not preceded by a denial of coverage or Defendant's refusal to engage in the appraisal process. Rather, Defendant initiated the appraisal process and it was already well underway when the parties together sought the Court's appointment of an umpire.

Based on these facts, the Court rejects Plaintiff's claim and finds Defendant to be the prevailing party entitled to costs.

**B. Taxable Costs**

Once the Court has determined who is the prevailing party, it may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Where the losing party challenges the costs requested, the burden lies with the challenging party to

---

[2] In her response papers, Plaintiff relies on *Peraza v. Citizens Property Ins. Corp.*, 973 So.2d 490 (Fla. Dist. Ct. App. 2007) to support her claim that she is the prevailing party. As a preliminary matter, the Court has already noted that federal law, not state law, is controlling in awarding costs. In any event, Plaintiff's reliance on *Peraza* is misplaced. It is significant that in *Peraza,* the case concluded with the insurer filing a voluntary dismissal; the insurer was not awarded judgment, as Defendant was in this case. *Id.* at 491. Moreover, the court in *Peraza* found that because both the plaintiff and defendant sought and received the same relief, namely a court-appointed umpire, the plaintiff was not a prevailing party. *Id.* at 491.

demonstrate that the costs sought are not appropriate.  *See Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

28 U.S.C. § 1920 sets forth the expenses that "a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### 1. Filing Fees

In its motion, Defendant seeks reimbursement for two separate filing fees related to the removal of this action from state court to federal court, one for $350.00 and one for $250.00.  Although Defendant does not provide supporting documentation for the $350.00 fee, the Court's docket sheet for this case indicates that a $350.00 filing fee was paid when this case was removed to federal court on July 12, 2007.  (DE 1).  Since it is well settled that the initial filing fee paid to the Clerk of Court is taxable, Defendant is entitled to reimbursement for this cost.  *See* 28 U.S.C. § 1920(1).  *See also Young v. Roy's / Outback Joint Venture*, 2007 WL 914048, 81 (M.D. Fla. Jan. 25, 2007)(filing fee for notice of removal is taxable).

The second filing fee of $250.00 relates to the removal of another, earlier lawsuit Plaintiff initiated against Defendant. *See Magaldi v. Safeco Ins. Co. of America, Inc.*, No. 05-cv-80349-Middlebrooks/Johnson (S.D. Fla. 2005). That action also alleged Defendant's breach of the insurance policy after Plaintiff's home sustained hurricane damage on September 5, 2004. Plaintiff voluntarily dismissed that action without prejudice on June 22, 2006, and the case was closed. Although Defendant does not provide any legal authority to show that it is entitled to reimbursement of the filing fee in another case, the Court looks to Rule 41(d) which states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d)(1). Given that the allegations in Plaintiff's initial action were later incorporated into Plaintiff's Amended Complaint for this action, the Court finds that Defendant is entitled to reimbursement of the removal filing fee associated with the first action. *See Cadle Co. v. Beury*, 242 F.R.D. 695, 696 (S.D. Ga. 2007)(court awarded defense costs for previously dismissed action that became part of second action).

Finally, Defendant also seeks reimbursement for the $75.00 fee paid to the Clerk of the Court in connection with counsel's Motion to Appear Pro Hac Vice. It is well settled in this Circuit that such fees are not taxable. *See Sanfilippo v. Commissioner of Social Sec.*, 2008 WL 1957836, *5 (M.D. Fla. May 5, 2008)(*citing Eagle Ins. Co. v. Johnson*, 982 F.Supp. 1456, 1459-60 (M.D. Ala. 1997)(pro hac vice fee not taxable), *aff'd*, 162 F.3d 98 (11th Cir. 1998)).

Based on the foregoing, the Court recommends that the District Court award Defendant $600.00 in filing fees.

7

**2. Court Reporter Fees for Transcripts**

Defendant also seeks to recover $298.25 for transcription costs associated with the deposition of Roger Held, the Town of Jupiter's Chief Building Inspector. The invoice includes: (1) $85.00 for the stenographer's attendance; (2) $232.75 for the transcript; (3) $25.50 for exhibits; and (4) $20.00 for shipping. (DE 80, Exhibit B).

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *EEOC*, 213 F.3d at 620-621. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Ultimately, the burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken. *Id.* at 621.

Here, Plaintiff does not claim that Roger Held's deposition was unnecessary. Indeed, the record indicates that Defendant heavily relied on the transcript in its successful Motion for Summary Judgment filed with the Court. (DE 48, Exhibit B). Given that Plaintiff has not satisfied her burden of establishing that the deposition was not necessary, there is no basis for concluding that the transcript was not necessary. *See EEOC*, 213 F.3d at 621 (despite opposing party's allegation that the use of certain depositions was "minimal" or "not critical" to the prevailing party's ultimate success, court found opposing party failed to satisfy its burden and allowed deposition costs); *Price v. United Technologies Corp.*, 2001 WL 36085163, *1-2 (S.D. Fla. July 27, 2001)(although defendant used only portions of deposition in summary judgment motion, it was entitled to recover cost of entire deposition transcript).

Under 28 U.S.C. § 1920(2), recoverable costs include the deposition transcript cost and

the attendance fee of the court reporter.  *See Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008)(court allowed reimbursement of transcript and stenographer's attendance fee).  However, to the extent that Defendant seeks recovery of the costs for shipping and exhibits, the Court finds that Defendant has not established that such costs are reimbursable.  *See George v. Florida Dept. of Corrections*, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008)(court denied reimbursement of transcript delivery fee where defendant failed to demonstrate that the cost was not merely for counsel's convenience, but, instead, constituted a necessary expense); *Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits, finding such were not taxable costs).  Accordingly, the Court recommends that the amount Defendant seeks to be reimbursed for the deposition should be reduced by $45.50.

### 3.  Costs for Service of Process

Defendant also seeks reimbursement for the cost of having a deposition subpoena served on Roger Held.  It is well settled that costs for having a private process server serve deposition subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921.  *See EEOC*, 213 F.3d at 624.  In other words, the prevailing party is only entitled to those fees that would have been incurred had the United States Marshal's Office effected the service.  *See Davis v. Sailormen, Inc.*, 2007 WL 1752465, *2-3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshall's rates); *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000)(same).  Under 28 U.S.C. § 1921(b), the Attorney General is authorized to regulate the fees which will be charged by the Marshal's Service.  Those regulations provide that the Marshall's Service charges $55.00 per

9

hour for each subpoena served.  *See* 28 C.F.R. § 0.114.  *See Wish v. MSC Crociere S.A.*, 2009 WL 347793, *1 (S.D. Fla. Feb. 11, 2009)(based on 28 C.F.R. § 0.114, court determined that U.S. Marshal charges $55.00 per hour for personal service).

Based on the foregoing, this Court concludes that the $50.00 incurred by Defendant for service of the subpoena on Roger Held is within the rate charged by the Marshal's Service, and thus, Defendant is entitled to reimbursement of the cost.  *See Wish*, 2009 WL 347793 at *1 (court awarded $55.00 for service of each person, unless a lower cost was actually incurred).

### 4.  Copying and Exemplification Fees

Lastly, Defendant seeks nearly $500.00 for photocopying costs.  It is well settled that copying costs are permitted to the extent such copies are necessarily obtained for use in the case.  *See* 28 U.S.C. § 1920(4).  The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case.  *See Zunde v. International Paper Co.*, 2000 WL 1763843, *6 (M.D. Fla. July 20, 2000) (the prevailing party bears the burden of proving that the copies were necessary).  *See also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp 1568, 1570 (N.D. Ga. 1992)(noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case").  Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied.  *See Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989)(declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

Here, Defendant does not provide any explanation as to how the copies were used or were in fact necessary to its defense of the case. Thus, the Court must recommend that these costs be denied.

## RECOMMENDATION TO THE DISTRICT COURT

In conclusion, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Entry of Judgment on all of the costs it seeks (DE 84), and **GRANT IN PART AND DENY IN PART** Defendant's Motion for an Award of Costs (DE 80, 84), awarding Defendant costs as follows:

1.) Costs for Filing Fees:       $600.00

2.) Costs for Transcripts:       $252.75

3.) Costs for Service of Subpoena:  $50.00

4.) Costs for Copying and Exemplification: $0.00

**TOTAL AWARD OF COSTS**:                                $902.75

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar

the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 21 day of May, 2009, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All counsel of record